FILED
Oct 05, 2016
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By_____ Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION  MDL No. 2738

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in the *Lumas* action listed on Schedule A and pending in the Southern District of Illinois moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of Illinois. This litigation consists of eleven actions pending in ten districts, as listed on Schedule A. The Panel also has been notified of forty-three related actions pending in twenty-three districts.[1]

Plaintiffs in nine actions and potential tag-along actions support centralization in the Southern District of Illinois. Plaintiffs in four of these actions alternatively propose centralization in the Southern District of Mississippi, while plaintiffs in two of the actions alternatively suggest centralization in the Middle District of Louisiana. Defendants Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc., Imerys Talc America, Inc., and Personal Care Products Council propose centralization in either the District of New Jersey or the Western District of Oklahoma.

Plaintiffs in twelve actions and potential tag-along actions oppose centralization.[2] Should the Panel centralize this litigation, plaintiffs in ten of these actions variously suggest that the Panel select either the Southern District of Illinois or the Middle District of Georgia as the transferee district.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The majority of the actions are personal injury or wrongful death actions brought by plaintiffs who allege that they or their decedents developed ovarian or uterine cancer following perineal application

---

[*] One or more Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Counsel for plaintiffs in the Western District of Oklahoma *Robb* action informed the Panel at oral argument that the *Robb* plaintiffs now oppose centralization.

of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). Two of the actions are consumer class actions brought on behalf of putative classes of women who allege that defendants deceptively marketed the talcum powder products for feminine hygienic use without disclosing talc's carcinogenic properties. Regardless of the type of claims involved, all the actions share common factual questions arising out of allegations that perineal use of Johnson & Johnson's talcum powder products can cause ovarian or uterine cancer in women. All the actions involve factual questions relating to the risk of cancer posed by talc and talc-based body powders, whether the defendants knew or should have known of this alleged risk, and whether defendants provided adequate instructions and warnings with respect to the products. These common factual issues are sufficiently complex to merit centralized treatment. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (including with respect to discovery, privilege, and *Daubert* motion practice); and conserve the resources of the parties, their counsel, and the judiciary.

The plaintiffs opposing the motion raise a number of arguments against centralization, but none is persuasive. For instance, the opposing plaintiffs argue that centralization is unnecessary because thousands of claims against Johnson & Johnson relating to its talc-based body powders have been pending in state courts for several years and, thus, the common discovery in these actions is already complete. It is telling, though, that many of the state court actions are themselves proceeding in coordinated or consolidated fashion in their respective state courts.[3] To the extent that common discovery obtained in the state court actions can be used in the federal litigation, it is far more efficient to determine the applicability of this discovery once for all the federal actions rather than multiple times in multiple districts. Similarly, regardless of the advanced procedural postures of some of the state court actions, rulings on dispositive and *Daubert* motions will be necessary in the federal actions. It is far more convenient for the parties and witnesses and more efficient for the courts to litigate such pretrial motions one time for all the federal actions. And, coordination with the state court actions will be enhanced if only one federal judge needs to communicate with the multiple state court judges overseeing the talcum powder litigation. *See In re Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 923 F. Supp. 2d 1376, 1378-79 (J.P.M.L. 2013) (observing that centralization "likely will facilitate coordination among all courts with Plavix cases, simply because there will now be only one federal judge handling most or all federal Plavix litigation."). The pendency of the state court litigation thus demonstrates the need for centralization of this litigation.

The opposing plaintiffs also argue that unique factual questions regarding plaintiffs will overshadow any common questions of fact, particularly in light of the discovery already conducted in the state court litigation. We do not agree. Though the actions may present individual issues, this generally is true of product liability cases. *See In re Power Morcellator Prods. Liab. Litig.*, 140 F. Supp. 3d 1351, 1353 (J.P.M.L. 2015). These actions will involve common factual questions

---

[3] Indeed, the California state court recently took steps to create a coordinated proceeding for the many actions pending in that state.

-3-

regarding the alleged carcinogenic properties of talc and defendants' knowledge of those properties. Discovery and pretrial motion practice will overlap with respect to these common issues.

The opposing plaintiffs insist that informal cooperation among the parties and coordination among the courts is preferable to centralization. To the contrary, there are now fifty-four related actions (including the potential tag-along actions) in this litigation, pending in more than twenty districts. Coordination among so many courts and parties does not appear practicable in this instance, particularly given the limited overlap among plaintiffs' counsel.

We likewise are not convinced that the actions are too procedurally disparate to benefit from centralization. All but three of the actions were filed within the past six months and are in their infancy. The two putative class actions have been pending since 2014, but have not advanced significantly past the pleading stage due to multiple rounds of dismissal motions. Only the *Chakalos* action pending in the District of New Jersey has advanced significantly, and even there discovery disputes remain and dispositive motions have yet to be filed. We are sympathetic to arguments regarding the potential prejudice that delay could have on plaintiffs whose illness has reached an advanced stage. Such arguments, though, are best addressed by the transferee judge. If the transferee judge determines that *Chakalos* or any other transferred action either is sufficiently advanced and ready for trial or, for other reasons, will no longer benefit from inclusion in the centralized proceedings, then we encourage her to promptly suggest that the Panel remand such action to the transferor court. *See* Panel Rule 10.1(b).

We select the District of New Jersey as the appropriate transferee district for this litigation. The district is a convenient and accessible forum for this nationwide litigation, and is located in close proximity to a large number of state court actions pending in New Jersey and other jurisdictions on the East Coast of the United States. As Johnson & Johnson is headquartered in New Jersey, relevant evidence and witnesses likely are located in the District of New Jersey. The Honorable Freda L. Wolfson is an experienced MDL judge with the willingness and ability to manage this litigation efficiently. Further, as Judge Wolfson is presiding over the most procedurally-advanced action (*Chakalos*), she is well situated to structure this litigation so as to minimize delay and avoid unnecessary duplication of discovery and motion practice.

-4-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                MDL No. 2738

## SCHEDULE A

Eastern District of California

ESTRADA v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:14-01051

Northern District of California

GOULD v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:16-03838

Northern District of Illinois

MUSGROVE v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:16-06847

Southern District of Illinois

MIHALICH v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:14-00600
LUMAS v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:16-00741

Middle District of Louisiana

ANDERSON v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:16-00447

Northern District of Mississippi

RICH-WILLIAMS v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:16-00121

District of New Jersey

CHAKALOS v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:14-07079

Western District of Oklahoma

ROBB, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 5:16-00620

Eastern District of Pennsylvania

BORS v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:16-02866

Middle District of Tennessee

KUHN v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:16-00055